# UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

IN RE,

GENERAL MOTORS CORP., ET AL.,

DEBTORS.

CASE# 09-50026

28:0158 Notice of Appeal re Bankruptcy Matter (BAP)

RESIDING JUDGE: Robert E. Gerber

## NOTICE OF APPEAL FROM THE ORDER ENTERED ON MAY 3RD, 2011
(Incorrectly Classified Claims)

Comes now, appellant herein, Sherif Rafik Kodsy, motions the clerk of court to forward and file the notice of appeal from the order granting relief in the ninty-eighth omnibus objection, reclassifying the status of claim # 69683, from secured to unsecured.



RECEIVED MAY 1 2 2011 U.S. BANKRUPTCY COURT, SDNY

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished via e-mail & U.S. mail, to all counsel of record on May 6th, 2011.

Respectfully submited,

_____
SHERIF RAFIK KODSY
INDIVIDUAL, PRO'SE
15968 LAUREL OAK CIRCLE
DELRAY BEACH FLORIDA 33484
561-666-0237

COPY(S) TO:

WEIL, GOTSHAL & MANGES LLP.
767 FIFTH AVENUE
NEW YORK, NEW YORK 10153

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
MOTORS LIQUIDATION COMPANY, *et al.*, : 09-50026 (REG)
f/k/a General Motors Corp., *et al.* :
:
Debtors. : (Jointly Administered)
:
---------------------------------------------------------------x

## SUPPLEMENTAL ORDER GRANTING
## DEBTORS' NINETY-EIGHTH OMNIBUS OBJECTION TO CLAIMS
### (Incorrectly Classified Claims)

Upon the ninety-eighth omnibus objection to reclassify certain claims, dated September 21, 2010 (the "**Ninety-Eighth Omnibus Objection to Claims**"),[1] of Motors Liquidation Company (f/k/a General Motors Corporation) and its affiliated debtors, as debtors in possession (collectively, the "**Debtors**"), pursuant to section 502(b) of title 11, United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "**Procedures Order**") (ECF No. 4180), seeking entry of an order reclassifying the Incorrectly Classified Claims on the grounds that each Incorrectly Classified Claim was incorrectly classified by the claimant, all as more fully described in the Ninety-Eighth Omnibus Objection to Claims; and due and proper notice of the Ninety-Eighth Omnibus Objection to Claims having been provided, and it appearing that

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Ninety-Eighth Omnibus Objection to Claims.

no other or further notice need be provided; and the Court having considered the responses to the Ninety-Eighth Omnibus Objection to Claims filed by Sherif Rafik Kodsy (the "**Responses**") (**ECF Nos. 7309, 10039, and 10068**), the Debtors' reply to the Responses (**ECF No. 9874**), and the arguments made by the parties at the hearing on the Ninety-Eighth Omnibus Objection to Claims on April 26, 2011 (the "**Hearing**"); and the Court having found and determined that the relief sought in the Ninety-Eighth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Ninety-Eighth Omnibus Objection to Claims establish just cause for the relief granted herein; and upon the findings of fact and conclusions of law set forth by this Court at the Hearing; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Ninety-Eighth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each "Claim Amount and Priority" listed on **Exhibit "A"** (the "**Order Exhibit**") annexed hereto is hereby reclassified as indicated on Exhibit "A" under the column "Modified Priority Status/Reduced Amount;" and it is further

ORDERED that, if applicable, the Ninety-Eighth Omnibus Objection to Claims is adjourned with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Adjourned*" (the "**Adjourned Claims**") to the date indicated on the Order Exhibit, subject to further adjournments (such actual hearing date, the "**Adjourned Hearing Date**"), and the Debtors' response deadline with respect to the

Adjourned Claims shall be 12:00 noon (Eastern Time) on the date that is three (3) business days before the Adjourned Hearing Date; and it is further

ORDERED that, if applicable, the Ninety-Eighth Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Objection Withdrawn*"; and it is further

ORDERED that, if applicable, the Ninety-Eighth Omnibus Objection to Claims is withdrawn with respect to the claims listed on the Order Exhibit annexed hereto under the heading "*Claim Withdrawn*" as those claims have been withdrawn by the corresponding claimant; and it is further

ORDERED that, with respect to this Ninety-Eighth Omnibus Objection to Claims, the Debtors reserve all their rights to object on any other basis to any Incorrectly Classified Claim; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object on any basis are expressly reserved with respect to, any claim listed on Exhibit "A" annexed to the Ninety-Eighth Omnibus Objection to Claims under the heading "*Claims to be Reclassified*" that is not listed on the Order Exhibit; and it is further

ORDERED that the time to appeal runs from the date this Order is entered; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      May 3, 2011

                                        /s/ *Robert E. Gerber*
                                        United States Bankruptcy Judge