UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                     :

In re                               :          **Chapter 11 Case No.**
                                       :

**MOTORS LIQUIDATION COMPANY,** *et al.*,  :        **09-50026 (REG)**
      **f/k/a General Motors Corp.,** *et al.*  :
                                     :         **(Jointly Administered)**
                         **Debtors.**     :

-------------------------------------------------------------x
                                       :

**SHERIF R. KODSY,**                    :         **Case No. 11-4180-NRB**
                                       :

                      **Appellant,**     :
                                       :

      **v.**                                :
                                       :

**MOTORS LIQUIDATION COMPANY, ET AL. :**
                                       :

                     **Appellees.**    :
                                       :

-------------------------------------------------------------x

## ANSWERING BRIEF OF MOTORS LIQUIDATION COMPANY, *ET AL.* IN OPPOSITION TO APPEAL OF SHERIF R. KODSY

*Joseph H. Smolinsky*           WEIL, GOTSHAL & MANGES LLP
*Michele J. Meises*             767 Fifth Avenue
*Brianna N. Benfield*           New York, New York 10153
                                    212-310-8000 (T)
                                    212-310-8007 (F)

                                    *Attorneys for Motors Liquidation Company, et al. - Appellees*

## **TABLE OF CONTENTS**

<u>**Page**</u>

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ....................................................................................... 1

COUNTERSTATEMENT OF THE ISSUE ON APPEAL ............................................. 2

STANDARD OF APPELLATE REVIEW ....................................................................... 2

STATEMENT OF THE CASE ........................................................................................ 2

    MLC's Chapter 11 Case………………………………………………………............. 2

    The Kodsy Claim………………………………………………………………………4

ARGUMENT ................................................................................................................... 6

CONCLUSION ................................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adelphia Commc'ns Corp.*,
   Case No. 02-41729, 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007) ..................... 6

*Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.*,
   57 F.3d 1215 (3d Cir. 1995) ................................................................................ 2

*Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods.
   Corp.)*,
   896 F.2d 1384 (2d Cir. 1990) .............................................................................. 2

*Inwood Labs., Inc. v. Ives Labs., Inc.*,
   456 U.S. 844 (1982) ........................................................................................... 2

*In re Oneida Ltd.*,
   400 B.R. 384 (Bankr. S.D.N.Y. 2009),
   *aff'd*, No. 09 Civ. 2229, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) ...................... 6

**Rules and Statutes**

11 U.S.C. § 105(a) ................................................................................................ 3

11 U.S.C. § 506(a)(1) ............................................................................................ 6

11 U.S.C. § 523 .................................................................................................... 7

11 U.S.C. § 523(a)(6) ............................................................................................ 7

11 U.S.C. § 1129(b) .............................................................................................. 4

28 U.S.C. § 157(b)(2)(B) ....................................................................................... 4

Fed. R. Bankr. P. 3020 .......................................................................................... 4

## PRELIMINARY STATEMENT

On January 4, 2010, Sherif R. Kodsy ("**Appellant**") filed a proof of claim (the

"**Kodsy Claim**") in Appellees' chapter 11 cases pending before the United States Bankruptcy

Court for the Southern District of New York (the "**Bankruptcy Court**").  The Kodsy Claim

purported to be a secured claim; however, Appellant failed to produce any evidence indicating a

security interest in, or lien on, property of Motors Liquidation Company or any of its debtor

affiliates (collectively, the "**Debtors**"), Appellees herein.  Indeed, the Debtors are completely

unaware of any lien held by Appellant against the Debtors' property.  Accordingly, the Debtors

filed an objection to the secured status of the Kodsy Claim seeking to reclassify the Kodsy Claim

as a general unsecured claim, subject to their right to object to the Kodsy Claim on other

grounds.  [CD-35] [1]  On May 3, 2011, the Bankruptcy Court entered an order (the

"**Supplemental Order**") granting the Debtors' objection and reclassifying the Kodsy Claim

from a secured claim to a general unsecured claim.  [CD-44]  Notwithstanding Appellant's

assertions, the Supplemental Order reclassifying the Kodsy Claim is the sole Order of the

Bankruptcy Court that is the subject of the instant appeal.  [CD-44]  The merits of the Kodsy

Claim will be addressed in due course via the alternative dispute resolution procedures approved

by order of the Bankruptcy Court.

Appellant's attempt to enforce a security interest he does not and cannot possess

is unsupportable by any law or fact.  Appellant simply is not entitled to a secured claim.

Accordingly, the Bankruptcy Court did not err in granting the Supplemental Order and the

instant appeal should be denied.

---

[1] All references to Motors Liquidation Company's ("**MLC's**") Statement of Issue Presented on Appeal and
Counterdesignation of Additional Items to be Included in the Record on Appeal in Connection with the Appeal of
Sherif Kodsy shall be referred to herein as "CD-__."

## COUNTERSTATEMENT OF THE ISSUE ON APPEAL

Did the Bankruptcy Court err in granting the Supplemental Order with respect to the Kodsy Claim?

## STANDARD OF APPELLATE REVIEW

While the Bankruptcy Court's legal conclusions are reviewed de novo, its findings of fact are reviewed only for clear error. *Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*, 896 F.2d 1384, 1388 (2d Cir. 1990). A reviewing court must "accept the ultimate factual determination of the fact-finder unless that determination either is completely devoid of minimum evidentiary support displaying some hue of credibility or bears no rational relationship to the supportive evidentiary data." *Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.*, 57 F.3d 1215, 1223 (3d Cir. 1995) (citation omitted). Where there are two permissible views of the evidence, the choice between them cannot be clearly erroneous. *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 856-7 (1982).

## STATEMENT OF THE CASE

### MLC's Chapter 11 Case

On June 1, 2009, Motors Liquidation Company (f/k/a General Motors Corporation) and certain of its subsidiaries (collectively, including MLC, the "**Initial Debtors**") each commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). [CD-1 at 1] On September 16, 2009, the Bankruptcy Court entered an order establishing November 30, 2009 as the deadline for each person or entity to file a proof of claim in the Initial Debtors' cases, including governmental units. [CD-8] On October 9, 2009, two additional Debtors, Remediation and Liability Management Company, Inc. ("**REALM**") and Environmental Corporate Remediation Company, Inc. ("**ENCORE**," and together with REALM, the "**REALM/ENCORE Debtors**,") commenced voluntary cases under chapter 11 of

the Bankruptcy Code, which cases are jointly administered with those of the Initial Debtors

under Case Number 09-50026 (REG).  On December 2, 2009, the Bankruptcy Court entered an

order establishing February 1, 2010 as the deadline for each person or entity to file a proof of

claim in the REALM/ENCORE Debtors' cases (except governmental units, as defined in section

101(27) of the Bankruptcy Code, for which the Bankruptcy Court established April 16, 2010 as

the deadline to file proofs of claim).  [CD-12]

   These chapter 11 cases are among the largest and most complex ever filed in the

United States.  Before commencing these chapter 11 cases, MLC was the largest Original

Equipment Manufacturer of automobiles in the United States and the second largest in the world,

employed approximately 235,000 employees worldwide, and had, as of March 31, 2009,

consolidated reported global assets and liabilities of approximately $82,290,000,000 and

$172,810,000,000, respectively.  [*Id.* at 10-11, 42]  On July 10, 2009, the Initial Debtors

implemented the only available means to preserve and maximize the value, viability, and

continuation of their business by consummating the sale of substantially all of their assets to

NGMCO, Inc. (n/k/a General Motors LLC), a United States Treasury-sponsored purchaser,

pursuant to section 363 of the Bankruptcy Code and that certain Amended and Restated Master

Sale and Purchase Agreement.  [CD-2]

   On February 23, 2010, the Bankruptcy Court entered the Order Pursuant to 11

U.S.C. § 105(a) and General Order M-390 Authorizing Implementation of Alternate Dispute

Procedures, Including Mandatory Mediation.  [CD-52]  On October 25, 2010, the Bankruptcy

Court entered the Amended Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390

Authorizing Implementation of Alternate Dispute Procedures, Including Mandatory Mediation

(the "**ADR Procedures**"), which amended the earlier order with respect to the list of available mediators and approved mediation locations.  [*Id.*]

On March 29, 2011, the Bankruptcy Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections § 1129(b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan [CD-37], which, among other things, confirmed the Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**").

**The Kodsy Claim**

On January 4, 2010, Appellant filed the Kodsy Claim, which asserted a secured claim against REALM in the amount of $15 million for "personal injury, conspiracy, fraud, gross negligence, strict liability, [and] punitive damages."[2]  [CD-35 at Ex. A]  The Kodsy Claim relates to Appellant's ownership of a Hummer vehicle.  Appellant checked boxes on the proof of claim form indicating that the Kodsy Claim is secured by liens on a "Motor Vehicle" and "Other" property; however, no support for, or evidence of, security interests in any of the Debtors' property was provided with the Kodsy Claim.  [*Id.*]

The Debtors are not aware of any lien securing the Kodsy Claim.  [*Id.* at 4] Accordingly, on September 21, 2010, the Debtors filed an objection to the Kodsy Claim as part of the Debtors' 98th Omnibus Objection to Incorrectly Classified Claims (the "**98th Omnibus Objection**"), which sought to reclassify the Kodsy Claim as an unsecured claim because it is not secured by property of the Debtors' estates.  [CD-21]  The 98th Omnibus Objection does not object to the actual merits of the underlying claim, but rather the priority of the claim.  Although under 28 U.S.C. § 157(b)(2)(B) the Bankruptcy Court does not have jurisdiction to liquidate or

---

[2] The Debtors do not believe that any claim by Appellant is properly asserted against REALM and the Debtors reserve all their rights thereto.

estimate the Kodsy Claim, which will be done at another time under the ADR Procedures or by another court, reclassification of the Kodsy Claim was necessary to reduce the amount of cash required to be reserved for secured claims under the Plan.

On September 30, 2010, Appellant, acting *pro se*, filed a response that contained numerous factual allegations and legal conclusions regarding the underlying claim, including new and baseless accusations of bad faith, discrimination, perjury, and bribery.  [CD-23]  The response did not provide any support for the assertion that the Kodsy Claim is entitled to secured status, nor did it identify the Debtors' property in which Appellant asserts an interest.  [*Id.*]  On March 22, 2011, the Debtors filed a reply in which they reiterated their position that the Kodsy Claim is not entitled to secured status and should be reclassified as a general unsecured claim. [CD-35]

On April 26, 2011, the Bankruptcy Court held a hearing on the 98th Omnibus Objection (the "**Hearing**").  After hearing oral argument from Appellant and from counsel for the Debtors, the Bankruptcy Court made the following findings, among others:

> Mr. Kodsy, I'm going to have to grant the [D]ebtors' motion to reclassify your claim from a secured claim to an unsecured claim . . . this is very easy from a matter of bankruptcy law.

[CD-42 at 55:6-9]  The Bankruptcy Court continued:

> [W]hatever you have, it's an unsecured claim.  It's not a secured claim because you don't have a lien.  GM is not asking to disallow your claim in its entirety.  They're asking that it be reclassified as an unsecured claim which is the right thing for them to ask for. [Y]our rights vis-à-vis your unsecured claim will be litigated as we go forward.

[*Id.* at 56:18-24]

Consistent with its findings and oral ruling at the Hearing, on May 3, 2011, the Bankruptcy Court entered the Supplemental Order granting the 98th Omnibus Objection with

respect to the Kodsy Claim and reclassifying the Kodsy Claim as a general unsecured claim. [CD-44]  On May 6, 2011, Appellant commenced the instant appeal of the Supplemental Order. Appellant served his opening brief ("**Appellant's Brief**") on the Debtors on August 26, 2011.

<u>ARGUMENT</u>

<u>THE BANKRUPTCY COURT DID NOT ERR IN
RECLASSIFYING THE KODSY CLAIM</u>

The Bankruptcy Court correctly ruled that Appellant did not meet his burden of establishing that the Kodsy Claim is entitled to secured status because Appellant has not come forth with any evidence whatsoever establishing entitlement to a secured claim.

An objection refuting at least one of a claim's essential allegations, such as entitlement to secured status, shifts the burden to demonstrate the validity of the claim onto the claimant.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, Case No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007).

Section 506(a)(1) of the Bankruptcy Code provides that a "secured" claim, is an "allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 . . . to the extent of the value of such creditor's interest in the estate's interest in such property." 11 U.S.C. § 506(a)(1).  The Kodsy Claim is not a secured claim within the meaning of section 506(a)(1) of the Bankruptcy Code because the Kodsy Claim, if valid, is not secured by property of the Debtors' estates.  As the Bankruptcy Court correctly found, the Kodsy Claim is "not a secured claim because [Appellant does not] have a lien."  [CD-42 at 56:18-19]  Appellant merely checked boxes on his proof of claim form asserting that the Kodsy Claim was secured by liens on a "Motor Vehicle" and "Other" property. The Debtors are not aware of any such liens, and at no point has Appellant provided evidence of,

or support for, *any* liens against property of the Debtors that would secure the Kodsy Claim. Because no prepetition lien exists to secure Appellant's contingent tort claims against the Debtors, as a matter of law, the Kodsy Claim *cannot* be secured.  For these reasons, the Bankruptcy Court properly ruled that the Kodsy Claim is not entitled to secured status and should be reclassified as a general unsecured claim.

Appellant's sole argument regarding classification of the Kodsy Claim is his assertion that the Kodsy Claim "should be a secured claim in this bankruptcy proceeding According to section, 523(a)(6), due to the appellees' intentional malice and misrepresentations. [sic]"  (App. Br. at 24).  Appellant's reliance on Bankruptcy Code section 523(a)(6) is misguided.  Section 523 enumerates exceptions to discharge for an individual debtor.  11 U.S.C. § 523.  Section 523(a)(6) provides that an individual debtor cannot be discharged from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."  *Id.* § 523(a)(6).  This provision clearly is inapplicable to the instant appeal.  The Debtors are not individual debtors, and they have not sought, nor been granted, a discharge.  As explained at the Hearing, the Debtors' Plan is a liquidating plan and, therefore, the Debtors are not entitled to a discharge.  [CD-42 at 54:15-22]  Accordingly, the Bankruptcy Court did not err in reclassifying the Kodsy Claim as a general unsecured claim and Appellant's appeal of the Supplemental Order should be denied.

Notably, Appellant's Brief argues that the claim is secured, yet never asserts that a lien or right of setoff exists.  Rather, the bulk of Appellant's Brief is devoted to the merits underlying the Kodsy Claim, namely, whether or not Appellant's vehicle was defective and caused him injury.  (App. Br. at 2-16)  As the Debtors and the Bankruptcy Court have explained to Appellant, the merits of the Kodsy Claim are not the subject of this appeal as the

Supplemental Order only concerns the reclassification of the Kodsy Claim, rather than the underlying merits.  The merits of the Kodsy Claim will be addressed in due course via the ADR Procedures or by another court.

## **CONCLUSION**

For the foregoing reasons, the Supplemental Order should be affirmed in all respects.

Dated: New York, New York
September 12, 2011

WEIL, GOTSHAL & MANGES LLP
Attorneys for Motors Liquidation Company, et al. –
Appellees

By: _/s/_ Joseph H. Smolinksy
Joseph H. Smolinsky
A Member of the Firm

767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Michele J. Meises*
*Brianna N. Benfield*
*Of Counsel*

8

## CERTIFICATE OF SERVICE

I, Brianna Benfield, certify under penalty of perjury that I am over the age of eighteen and am not a party to the above-captioned proceeding. On September 12, 2011, I caused a true and correct copy of the foregoing ANSWERING BRIEF OF MOTORS LIQUIDATION COMPANY, *ET AL.* IN OPPOSITION TO APPEAL OF SHERIF R. KODSY to be served by e-mail and FedEx, unless otherwise indicated, upon the parties that are listed below.

| | |
|---|---|
| Sherif R. Kodsy<br>15968 Laurel Oak Circle<br>Del Ray Beach, FL 33484<br>mildewproofing@aol.com | Tracy Hope Davis, Esq.<br>Office of the U.S. Trustee<br>For the Southern District of NY<br>33 Whitehall St., 21st Floor<br>New York, New York 10004<br>(by Federal Express Mail Only) |
| The United States Department of the Treasury<br>1500 Pennsylvania Avenue NW, Room 2312<br>Washington, DC 20220<br>Attn: Joseph Samarias, Esq.<br>(by Federal Express Mail Only) | GUC Trust Administrator<br>Wilmington Trust Company<br>Rodney Square North<br>1100 North Market Street<br>Wilmington, DE 19890-1615<br>Attn: Corporate Trust Administration<br>(by Federal Express Mail Only) |

Brianna N. Benfield

9