# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/19/11

**SHERIF R. KODSY**

**CLAIMANT / APPELLANT**

**Vs.**                                        **11 Civ. 4180 (NRB)**

**GENERAL MOTORS CORP., ET AL.,**

**DEBTORS / APPELLEES'.**

Re: **MOTORS LIQUIDATION COMPANY, et al., 09-50026 (REG)**
     f/k/a **General Motors Corp., et al..**

*RECEIVED SDNY PRO SE OFFICE 2011 SEP 19 AM 11:57*

---

## APPELLANT'S RESPONSE TO APPELLEES' ANSWER

---

SHERIF R.KODSY
APPELLANT/PRO'SE
15968 LAUREL OAK CIRCLE
DELRAY BEACH, FLORIDA 33484
561-294-3046

# TABLE OF CONTENTS

CITATIONS………………………………………………………………..………ii

TABLE OF AUTHORITIES………………………………………………....…....iii

INTRODUCTION…………………………………………………………….......1

SUMMARY OF THE ARGUMENT……………………………………………....1

ARGUMENT………………………………………………………………………2

CONCLUSION…………………………………………………………….…….....6

CERTIFICATE OF COMPLIANCE………………………………………….……7

CERTIFICATE OF SERVICE…………………………………………………......7

PROOF OF CLAIM………………………………………………………….…...8

i

# TABLE OF CITATIONS

Criswell v. Delta Air Lines, Inc., 868 F.2d 1093, 1094 (9th Cir.), cert. denied, 489 U.S. 1066 (1989)............................................................................3

EEOC v. G-K-G, Inc., 39 F.3d 740, 747-48 (7th Cir. 1994)........................3

Fairchild Aircraft Corp., 184 B.R. 910, 917-19 (Bankr. W.D. Tex. 1995), vacated on other grounds, 220 B.R. 909 (Bankr. W.D. Tex. 1998)...............4

Folger Adam Sec., Inc. v. DeMatteis/MacGregor, JV, 209 F.3d 252, 258, 259-60 (3d Cir. 2000)......................................................................3

Schwinn Bicycle Co., 210 B.R. 747, 761 (Bankr. N.D. Ill. 1997), aff'd, 217 B.R. 790 (N.D. Ill. 1997).............................................................4

# TABLE OF AUTHORITIES

**11 U.S.C. § 101(37)** ...................................................................................**4**

**Subsection 506**.............................................................................................**4**

**Section 506(a)(1)**..........................................................................................**2**

**Section 523(a)(6)**..........................................................................................**6**

## INTRODUCTION

Hereby, Appellant/Plaintiff, Sherif Kodsy, the Creditor herein, as Kodsy, objects to the Debtors / Appellee's preliminary statement, stating that "Appellant failed to produce any evidence indicating a security interest in, or lien on, property of Motors Liquidation Company, or any of its Debtor affiliates (collectively, the "Debtors"), Appellee's herein."

## SUMMARY OF THE ARGUMENT

Kodsy, filed a claim, a **lien** against the debtors property in this chapter 11, proceeding , for fraud, personal injury, conspiracy, gross negligence, strict liability and punitive damages.

Appellant's claim relates to the fraudulent inducement to purchase a Hummer H2, from appellees, under false and conspired upon misrepresentations, where the subject vehicle was previously a "Show Truck" with inherent non-conformity defects not warned and no disclosures of prior use was disclosed, which caused injury(ies) after prolonged daily use, where the debtors, conspired to further misrepresent the repairs, which Kodsy, had relied upon their misrepresentations and almost died from the nonconformities that could not be repaired after relinquishment of their product from the manufacturer.

Appellees, are very aware of those facts and continuously deny an

1

obligation and liability for their actions, which further had caused economic and non economic losses to Kodsy, and his livelihood was thrashed as a result of reliance on their product to earn a living as a Specialty Contractor.

The debtor's failure to take responsibility for their product was intentional through conspired fraud, negligence and their malicious conduct demonstrated a careless disregard to human safety for their defective product, in over a three year span, before & during this Bankruptcy proceeding.

## ARGUMENT

### THE BANKRUPTCY COURT ERRED IN RECLASSIFYING THE KODSY CLAIM

Appellees, are referring to **section 506(a)(1),** where it clearly states that a secured claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553… to the extent of the value of such creditor's interest in the estate's interest in such property.

The doctrine of **Ejusdem Generis** is "'actually an application of the broader maxim 'noscitur a sociis' which means that general and specific words capable of analogous meaning when associated together take color from each other so that the general words are restricted to a sense analogous to the specific words.'"

2

Similarly herein, the words in the rule are broadly defining a general property owned by the debtor's, not a specific analogy of a property , but property and assets in general, describing "property of the debtors' estates", in a bankruptcy liquidation proceeding.

Successor liability analysis involves consideration of "three principal factors": (1) continuity in operations and work force; (2) notice to the successor of its predecessor's legal obligation; and (3) inability of the predecessor to provide adequate relief directly. *Criswell v. Delta Air Lines, Inc.*, 868 F.2d 1093, 1094 (9th Cir.), cert. denied, 489 U.S. 1066 (1989); *see also EEOC v. G-K-G, Inc.*, 39 F.3d 740, 747-48 (7th Cir. 1994). These factors are all present in the case at bar, suggesting that successor liability will exist in the new company.

Here, the language of **Section 506** read in conjunction with other provisions of the Bankruptcy Code, is clear. It establishes that "interests in property" are liens, mortgages, money judgments, writs of garnishment and attachment, and the like, and cannot encompass unliquidated successor liability claims.

See *Folger Adam Sec., Inc. v. DeMatteis/MacGregor, JV*, 209 F.3d 252, 258, 259-60 (3d Cir. 2000) (stating that "[u]nder the rule of ejusdem generis, the term 'other interest' would ordinarily be limited to interests of

3

the same kind as those enumerated, i.e., 'liens, mortgages, security interests,

encumbrances, liabilities, [and] claims"'; that "[m]ortgages, security

interests, encumbrances and liabilities possess characteristics similar to a

lien"; and that "[a] lien is distinct from the obligation it secures ...").

Supporting this conclusion, the Code's definitions suggest that "liens"

and "interests in property" are interchangeable, as a "lien" is defined to mean

a "charge against or interest in property to secure payment of a debt or

performance of an obligation." **11 U.S.C. § 101(37)** (emphasis added). *See

also, In re **Schwinn Bicycle Co.**, 210 B.R. 747, 761 (Bankr. N.D. Ill. 1997),

aff'd, 217 B.R. 790 (N.D. Ill. 1997); In re Fairchild Aircraft Corp., 184

B.R. 910, 917-19 (Bankr. W.D. Tex. 1995), vacated on other grounds,

220 B.R. 909 (Bankr. W.D. Tex. 1998).*

The law did not specifically state in **subsection 506** that secured claims

are for a structure or mortgage, hence it talks about a secured claim based on

the estate's property in general, which could be collateral assets from its

property or diverse assets , which are recognized as the estate's property in a

title 11 proceeding..

The rule is broad in its construction to include the estate's property as a

whole.

Simply said if a property was radio active and caused death or injury,

4

then the claim/lien could exceed the cost of the contaminated worthless property, which a deferral would have to be applied to cover the difference, from the estate's property, hence it would be safe to say that a previous contaminated property that was sold for $10.00. was the cause for the $15 million secured claim, which could not be secured by the actual property itself yet it becomes a secured claim on the estate's general property and assets it owns.

## CONCLUSION

The Bankruptcy court judge abused his discretion by reversing the "Kodsy", secured claim to unsecured, where the Honorable judge had instructed Kodsy, "The time to appeal this determination , mr. Kodsy, is going to run from the time that the court dockets the underlying order not from the date of today's explanation and ruling". PG. 57, lines 3-6.

This appeal was timely filed.

The appellees', alleged wealth is evidence of their bad faith, where they could have easily replaced the defective vehicle or provided a refund and immediate relief, instead they conspired and discriminated against Kodsy, through prejudice and confusion to avoid an obligation and liability, where if they were allowed to continue in the business of manufacturing and selling cars, they would also certainly continue to defraud and conspire against its

helpless consumers to defraud them out of their designated equity without an obligation from a Biomechanical defect or concern, which causes unwarned injuries and in some cases unexplained deaths.

Appellant's reliance on the Bankruptcy code **523(a)(6),** is not misguided as alleged by the debtors', infact it provides an exception for the willful and malicious injury by the debtor to another.

The Kodsy claim is against Motors Liquidation Company, (Remediation and Liability Management Company, inc.), see attached, Claim of lien against "DEBTORS", proof of claim # 69683.

Wherefore appellant requests from this Honorable court to recognize the merits of the Kodsy claim, where there is no need for another court to decide if Kodsy, is entitled to a secured status, for the liability and obligation lien placed on the debtors' property by a claim in this proceeding.

Wherefore Kodsy, respectfully requests that the Kodsy claim be a secured claim, **herein,** where the debtors' do not refute the allegations of misrepresentation and malicious conduct, which a liability and obligation was manifested and is obviously unavoidable.

6

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing response and all other motions submitted,

has been typed using times new roman 14-point font, and therefore complies

with the font requirements of Florida rules of Appellate Procedure

9.210(a)(2).

## CERTIFICATE OF SERVICE

ALL ASSERTIONS MADE IN THE FOREGOING INSTRUMENT,

ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE

AND BELIEF AND THAT A COPY WAS FILED AND  SENT TO

THE APPELLEES'S ATTORNEY OF RECORD, BY EMAIL AND

U.S. MAIL ON SEPTEMBER 15th , 2011 .

SHERIF RAFIK RODSY
Individual/pro'se
15968 LAUREL OAK CIRCLE
DELRAY BEACH FLORIDA 33484
561-294-3046

COPY(S) TO:

**Weil, Gotshal & Manges LLP.767 Fifth Avenue, New York, New York
10153.**

**The United States Department of the Treasury, 1500 Pennsylvania
Avenue NW, ROOM 2312, Washington, DC 20220. Atten: Joseph
Samarias, ESQ..**

7

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor (Check Only One)**     Case No

☒ Remediation and Liability Management Company, Inc (subsidary of General Motors Corporation) 09-50029 (REG)
☐ Environmental Corporate Remediation Company, Inc (subsidary of General Motors Corporation) 09-50030 (REG)

**Your Claim is Scheduled As Follows.**

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case but may be used for purposes of asserting a claim under 11 U S C § 503(b)(9) (see Item # 5) All other requests for payment of an administrative expense should be filed pursuant to 11 U S C § 503

**Name of Creditor** (the person or other entity to whom the debtor owes money or property)

**Name and address where notices should be sent**

Sherif Rafik Kodsy
15968 Laurel Oak Circle
Delray Bch. Fl 33484

Telephone number
Email Address   561-6660237

☐ Check this box to indicate that this claim amends a previously filed claim

**Court Claim Number** _____ (if known)

Filed on _____

THE GARDEN CITY GROUP, INC.   JAN 4 2010

If an amount is identified above, you have a claim scheduled by one of the Debtors as shown (This scheduled amount of your claim may be an amendment to a previously scheduled amount) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor you do not need to file this proof of claim form, EXCEPT AS FOLLOWS If the amount shown is listed as DISPUTED UNLIQUIDATED or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

**Name and address where payment should be sent** (if different from above)

FILED - 69683
MOTORS LIQUIDATION COMPANY
F/K/A GENERAL MOTORS CORP
SDNY # 09-50026 (REG)

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

1 **Amount of Claim as of Date Case Filed, October 9, 2009**   $ 15,000,000.00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4 If all or part of your claim is entitled to priority, complete item 5 If all or part of your claim is asserted pursuant to 11 U S C § 503(b)(9), complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim Attach itemized statement of interest or charges

2 **Basis for Claim** Personal Injury - Conspiracy - Fraud - Gross Negligence, Strict Liability
(See instruction #2 on reverse side)   Punitive Damages

3 **Last four digits of any number by which creditor identifies debtor** _____

    3a **Debtor may have scheduled account as** _____
    (See instruction #3a on reverse side)

4 **Secured Claim** (See instruction #4 on reverse side)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff ☐ Real Estate ☒ Motor Vehicle ☐ Equipment ☒ Other
Describe

Value of Property $_____ Annual Interest Rate ___%

Amount of arrearage and other charges as of time case filed included in secured claim, if any $_____

Basis for perfection _____

Amount of Secured Claim $_____ Amount Unsecured $_____

6 **Credits** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

7 **Documents** Attach redacted copies of any documents that support the claim, such as promissory notes purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary Attach redacted copies of documents providing evidence of perfection of a security interest You may also attach a summary (See instruction 7 and definition of redacted on reverse side)

DO NOT SEND ORIGINAL DOCUMENTS ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain in an attachment

5 **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a)** If any portion of your claim falls in one of the following categories, check the box and state the amount

Specify the priority of the claim

☐ Domestic support obligations under 11 U S C § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan – 11 U S C § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units – 11 U S C § 507(a)(8)

☐ Value of goods received by the Debtor within 20 days before the date of commencement of the case – 11 U S C § 503(b)(9) (§ 507(a)(2))

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(__)

Amount entitled to priority

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**Date** | **Signature** The person filing this claim must sign it Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above Attach copy of power of attorney, if any | **FOR COURT USE ONLY**

Sherif R. Kodsy

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571
Modified B10 (GCG) (12/08)