UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
In re

MOTORS LIQUIDATION COMPANY, et al.,
 f/k/a General Motors Corp. et al.

                    Debtors.
----------------------------------X            11 Civ. 4180 (NRB)
SHERIF RAFIK KODSY,
                                               **MEMORANDUM AND ORDER**
                    Appellant,

          - against -

MOTORS LIQUIDATION COMPANY, et al.,

                    Appellees.
----------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


**I. Introduction**

     Sherif R. Kodsy (the "appellant") appeals <u>pro se</u> from the
supplemental order of the United States Bankruptcy Court for the
Southern District of New York (the "Bankruptcy Court"), entered
on May 3, 2011, granting the ninety-eighth omnibus objection of
Motors Liquidation Company and its affiliated debtors (the
"appellees") and reclassifying his proof of claim from a secured
claim to an unsecured claim.  For the reasons discussed below,
the Bankruptcy Court's supplemental order is affirmed.

## II. Background[1]

This appeal stems from the bankruptcy proceedings surrounding the collapse of the automotive company formerly known as General Motors Corporation and various of its affiliates. Of relevance here, on January 4, 2010, appellant, who has proceeded _pro se_ at all relevant times, filed a proof of claim against Remediation and Liability Management Company, Inc., one of the appellees whose bankruptcy case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") was voluntarily commenced on October 9, 2009. In his timely proof of claim, appellant sought $15,000,000 on the basis of "personal injury, conspiracy, fraud, gross negligence, strict liability[, and] punitive damages." Bankr. Dkt. No. 9874 Ex. A. He further indicated that his claim was "secured by a lien on property" and checked the boxes beside "Motor Vehicle" and "Other" when prompted to describe the "[n]ature of [the] property" but provided no further information. _Id._[2]  It appears that prior to filing the proof of

---

[1] The following facts are drawn from the parties' briefs (Appeal from the United States Bankruptcy Court for the Southern District of New York ("Appellant's Br."), Answering Brief of Motors Liquidation Company, et al. in Opposition to Appeal of Sherif R. Kodsy ("Appellees' Br."), and Appellant's Response to Appellees' Answer ("Appellant's Reply Br.")) and the record on appeal as designated pursuant to Federal Rule of Bankruptcy Procedure 8006. Citations to items in the record on appeal that appear on the docket of the Bankruptcy Court are abbreviated with the notation "Bankr. Dkt. No." followed by the relevant number. Unless specified, these facts are not in dispute.

[2] We note that the proof of claim form acknowledged that a claim could be secured by a right to setoff as well as a lien on property, reflecting the provisions of §§ 506 and 553 of the Bankruptcy Code, and accordingly also

claim, appellant had commenced a lawsuit against General Motors Corporation in April 2009 in state court in Florida. <u>See</u> Appellant's Br. 1-2; Bankr. Dkt. Nos. 4714, 4864. There is no indication that appellant had achieved a judgment in that lawsuit prior to the successive dates on which appellees voluntarily commenced their jointly administered bankruptcy cases or for that matter the date on which appellant filed his proof of claim, and appellant does not suggest otherwise. <u>See</u> Bankr. Dkt. Nos. 4714, 4864.

From appellant's papers on appeal and various of his submissions to the Bankruptcy Court, it appears that his prior lawsuit and proof of claim stem from alleged injuries that he suffered from vibrations generated during his use of a motor vehicle, a HUMMER H2, which he purchased in August 2008, and alleged wrongs committed in the sale and subsequent inspection and repair of that motor vehicle. <u>See, e.g.</u>, Appellant's Br. 1-10; Bankr. Dkt. No. 6496.

On September 21, 2010, appellees filed their ninety-eighth omnibus objection to claims (the "omnibus objection") seeking to reclassify eighty-nine claims that appellees argued were "not entitled to secured status because they [were] not secured by a lien on property in which the estate has an interest or subject

_____

prompted creditors to describe the nature of any right of setoff. <u>See</u> 11 U.S.C. §§ 506, 553; Bankr. Dkt. No. 9874 Ex. A. However, there is no indication from the parties or from the record on appeal that appellant holds any setoff rights against appellees that might support a secured claim.

3

to a right of setoff . . . nor are they entitled to administrative and/or priority status." Bankr. Dkt. No. 7050 6. Among the claims to which appellees objected was appellant's claim, which appellees noted, "arises from litigation against the [d]ebtors" and "is not secured by property of the [d]ebtors' estates." Id. at 31.

On September 30, 2010, appellant filed a timely response to the omnibus objection, in which he repeated the merits of his claim but also addressed the classification of his claim, stating, "[t]he claimaint's claim herein was previously not objected to[] by Motors Liquidation Company or the General Motors Company, as it was a recognized secured claim, 'Claim # 69683[,]'[] until now, and the debtor[]s do not now allege a reason why [they] should not pay its claimant," before affirming, "this claim was previously secured correctly without an objection." Bankr. Dkt. No. 7309 4-5.

Following repeated adjournments of the hearing date, on March 22, 2011, appellees filed a reply to appellant's response, having failed to amicably resolve the dispute regarding the classification of appellant's claim. See Bankr. Dkt. No. 9874 4. Appellees repeated their objection to the secured status of appellant's claim, asserting "no support for, or evidence of, security interests in any of the [d]ebtors' property was provided in either the proof of claim or the claimant's

[r]esponse." Id. Appellees proceeded to note that appellant had apparently mistaken their recognition of his claim for administrative purposes related to establishing a claims register for allowance of his claim. Id.

On March 31, 2011, appellant filed a further response to the omnibus objection, raising many of the issues that he had previously articulated as well as arguing that appellees were untimely in their reply and requesting that the Bankruptcy Court enforce the terms of a settlement allegedly reached between the parties. See Bankr. Dkt. No. 10039.[3] On April 8, 2011, appellant filed correspondence between himself and appellees that reflects the disagreement between the parties over whether the claim was secured and whether appellees had offered to settle the claim. See Bankr. Dkt. No. 10068. On April 26, 2011, appellant filed excerpts of the Bankruptcy Code relating inter alia to exceptions to discharge as well as case law bearing on successor liability. See Bankr. Dkt. No. 10132.

On April 28, 2011, the Bankruptcy Court held a hearing on the omnibus objection at which both appellant and counsel for appellees spoke. See Bankr. Dkt. No. 10140 49:12-57:8. Following the argument of appellees' counsel that no basis

---

[3] It appears that in December 2010 appellees agreed to cap appellant's claim at $9.5 million and reclassify it as an unsecured claim. See Bankr. Dkt. No. 9874 4. Appellant appears to have interpreted this agreement as one to actually pay him $9.5 million. See Bankr. Dkt. No. 10039 3-4.

existed for a secured claim, the Bankruptcy Court emphasized to appellant:

> [Counsel for appellees is] not quarreling that you may have an unsecured claim, although he says that should be determined at another day. But he's saying that whatever you have doesn't have the required lien and therefore you have an unsecured claim rather than a secured claim.

Id. at 52:20-24.   In response, appellant suggested inter alia that the exceptions to discharge articulated in § 523 of the Bankruptcy Code supported his position.   Thereafter, the Bankruptcy Court granted appellees' objection to appellant's claim.   Summarizing its findings of fact and law and by way of providing an explanation to appellant, the Bankruptcy Court stated:

> Without understating the importance of your claims, there are lots of creditors in the GM case who contend, sometimes more than contend with some basis for their contentions, that they were hurt in GM vehicles by reason of GM's fault or that they got defective cars by reason of GM's fault or even that GM or its dealers or agents lied to them when they acquired their vehicles. I don't make any findings as to whether or not any of those claims are valid or not. My guess is some are and some aren't and some are in between. But the point is that none of them is a secured claim. They're all unsecured claims. If you claim a security interest, you have to show that entitlement by contract such as a mortgage, which you haven't alleged here, or by a statute, which mainly exist to give state taxing authorities liens or federal taxing authorities liens which you don't have here. I don't want to understate the importance of what's bugging you, but whatever you have, it's an unsecured claim. It's not a secured claim because you don't have a lien. GM is not asking to disallow your claim in its entirety. They're asking that it be

reclassified as an unsecured claim which is the right
thing for them to ask for. And your rights vis-à-vis
your unsecured claim will be litigated as we go
forward, initially, through alternate dispute
resolution . . . .

Id. at 56:2-25.

In accord with its oral ruling, the Bankruptcy Court issued a supplemental order on May 3, 2011, granting the omnibus objection and reclassifying appellant's claim as an unsecured claim. See Bankr. Dkt. No. 10152. This appeal followed.

### III. Discussion

When reviewing a Bankruptcy Court's decision, we "accept[ ] its factual findings unless clearly erroneous but review[ ] its conclusions of law de novo." DG Creditor Corp. v. Dabah (In re DG Acquisition Corp.), 151 F.3d 75, 79 (2d Cir. 1998). See also Olin Corp. v. Riverwood Int'l (In re Manville Forest Prods.), 209 F.3d 125, 128 (2d Cir. 2000).

We easily affirm the Bankruptcy Court's supplemental order because it is amply supported by the factual record and correct as a matter of law. A filed proof of claim "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Providing prima facie evidence of the validity and amount of a claim, the proof of claim places the initial burden of persuasion on any objector. In re Oneida, Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), aff'd, No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010). "The burden then shifts to

the claimant if the objector produces evidence equal in force to the prima facie case which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." Id. (internal quotation marks omitted).  In this event, the claimant must prove by a preponderance of the evidence that the claim should be allowed as filed.  Id.  See also In re Adelphia Commc'ns Corp., No. 02-41729 (REG) 2007 WL 601452, at *5 (Bankr. S.D.N.Y. Feb. 20, 2007) ("claimant is [then] required to meet the usual burden of proof").  Section 506(a)(1) of the Bankruptcy Code provides in relevant part that a secured claim is "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . to the extent of the value of such creditor's interest in the estate's interest in such property."  11 U.S.C. § 506(a)(1).

     In this case, appellant's proof of claim merely asserts that his claim is secured by a "[m]otor [v]ehicle" and "[o]ther" property.  The omnibus objection, which asserts that appellant's claim arises from litigation against appellees and is wholly unsecured, is sufficient to shift the burden back to appellant to prove that he holds a secured claim.  As the Bankruptcy Court found, appellant fails to allege that he actually holds any lien whatsoever in property in which the appellees have an interest. The one argument that appellant has developed further on appeal relates to § 523(a)(6) of the Bankruptcy Code, which creates an

exception to discharge for an "individual debtor from any debt
. . . for willful and malicious injury by the debtor."    11
U.S.C. § 523(a)(6).    Appellants, however, are not individual
debtors and did not seek nor were afforded any discharge in
connection with the approval of their liquidation plan.    See
Bankr. Dkt. No. 9941 (order confirming appellees' liquidation
plan).  Thus, this provision has no bearing here.

### IV. Conclusion

For the reasons discussed above, the Bankruptcy Court's
supplemental order is affirmed.


Dated:      New York, New York
            January 17, 2012

                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

Appellant:
Sherif R. Kodsy
15968 Laurel Oak Circle
Delray Beach, FL 33484

Attorneys for Appellees:
Joseph H. Smolinsky, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153